

**ECKERT
SEAMANS**
ATTORNEYS AT LAW

July 31, 2018

<u>Via ECF</u>

Judge Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: State of New York, et al. v. U.S. Dep't of Justice, et al., No. 18-cv-6471 (ER)
Request for Pre-Motion Conference for Anticipated Motion To Intervene**

Dear Judge Ramos:

The undersigned represents proposed interveners Nexus Services, Inc., ("Nexus Services" and Libre By Nexus, Inc., ("Libre and collectively with Nexus Services, the "Nexus Plaintiffs")[1] In accordance with Section 2(A)(ii) of this Court's Individual Practices, Nexus Plaintiffs respectfully request a pre-motion conference to address their anticipated motion to intervene in this matter. We understand that current plaintiffs are seeking permission to file a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56.1 by August 3, 2018, making consideration of this motion to intervene time sensitive.

<u>Background</u>

Nexus Services, Inc. is a Virginia corporation which has its principal place of business in Verona, Virginia. Libre by Nexus, Inc. is a wholly-owned subsidiary of Nexus Services, Inc. Libre is a for-profit program providing services for non-criminal persons detained in immigration proceedings in the United States. Detainees in immigration matters are often required to post, as collateral, 100% if the bond set, which can often times exceed $25,000. Most detained immigrants cannot post such large bond amounts, as they lack sufficient cash or collateral. Libre provides a comprehensive support system to the detainees that includes, among other things, language translation services, community integration services, referral assistance to pro bono legal counsel, personal counseling, and other personalized services. Libre clients are able to secure bonds through licensed and regulated bail bond companies.

Across the nation there are thousands of clients (referred to as "Program Participants") of the Nexus Plaintiffs who have come to the United States seeking asylum. Many of the Program Participants are escaping from death sentences imposed on them by criminal gangs in their own country because they are either former law enforcement, or targeted minorities (such as indigenous people or members of the LGBT community). Many more are simply fleeing

---

[1] Counsel is also in the process of filing a motion to admit Anthony F. Troy Esq., and Patrick Callahan Esq., of this office together with Mary Donne Peters Esq., of the law firm of Gorby, Peters & Associates LLC pro hac vice.

rampant gang violence in hope of a better life. Their deportation from the U.S. often can be the equivalent of a death sentence.

Both Nexus and Libre have recently been the subject of various governmental investigations, and while the Nexus Plaintiffs have consistently agreed to work with the various regulators to provide necessary information to determine that the Nexus Plaintiffs are in compliance with all laws, they have also vigorously defended the confidentiality of their Program Participants' information, including with the Washington State Attorney General, the New York State Attorney General, the Consumer Financial Protection Bureau and one of the Nexus Plaintiffs' surety companies. Because their Program Participants' information is incredibly sensitive and involves a uniquely vulnerable group, the Nexus Plaintiffs have very grave concerns about protecting the information from being shared with other law enforcement entities, as the information could end up in the possession of Immigration and Customs Enforcement ("ICE") and be used to round up and deport the Program Participants and their families and friends.

### Grounds for Plaintiffs' Motion To Intervene

Federal Rule of Civil Procedure 24(a) provides in part that parties are entitled to intervene as of right in cases where disposing of the action may impair or impede that movants ability to protect his or her interests unless existing parties adequately represent that interest.

**A.      This Motion to Intervene Is Timely.**

Courts determine the timeliness of a motion to intervene after considering how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for any tardiness in moving to intervene. The present motion is timely as it is filed within 13 days of filing this action. (ECF 1) Further, it is made before any responsive pleading has been filed, nor have the existing parties engaged in any substantive proceedings. There is therefore no tardiness or significant delay by which the existing parties could be prejudiced.

**B.      Movants Have a Legally Protected Interest at Stake.**

The first aspect of the second Rule 24(a)(2) criteria requires that the applicant's interest be "significantly protectable," meaning that the interest is direct and immediate and not remote or contingent. Here, the Complaint contains a request from Plaintiffs for relief from disclosing to Defendant an indeterminate quantity of the sensitive, protected immigration related information that directly implicates the rights and interests of the Movants in their ongoing quest to protect Program Participants' information in all venues.  Movants must be a party to this litigation because the relief sought by Plaintiff directly affects Movants, as parties to numerous actions, in particular with several of named Plaintiffs wherein the confidentiality of Program Participant information is the subject of either a confidentiality agreement or ongoing litigation seeking the entry of such an agreement. If Plaintiffs are required to turn over the information sought by Defendants, Movants are concerned that any confidentiality agreement or order will next be sought to be nullified by either ICE or another agency. Therefore, Movants should have independent opportunity to be heard.

**C.      Movant's Interests May Be Impaired by Disposition of This Case.**

Rule 24(a)(2) requires an applicant to show that "the disposition of the action may, as a practical matter impair or impede the applicant's ability to protect that interest." As a practical matter, the relief Plaintiffs seek would directly affect Movants. As stated, the requested relief could have a significant impact on the Movants' position in their ongoing legal actions to protect Program Participant information. If not  permitted to intervene, their ability to protect their interests would be impaired because, at best, they would be forced to attempt to re-litigate issues from this action regarding the information that Plaintiffs have or may receive from Movants in other matters in all of the other actions. The possibility for disparate outcomes and decisions in those other actions creates even more need for being heard, at this time, in this matter.

**D.      Movant's Interests Are Not Adequately Represented by Plaintiffs.**

Courts have held that the burden of showing an inadequacy of representation is minimal. The question for the Court is simply whether any existing party's interests are so similar to those of the applicant that adequacy of representation is assured.

Here, none of the current parties adequately represent Movants' interests in this matter. While the Attorneys General Plaintiffs also seek to stop the required turning over of sensitive immigration information by recipients of the FY 2017 Byrne JAG program funding, some of these same Attorneys General refuse to provide the same protection to Movants' sensitive Program Participant information. This is, therefore, not a situation where Movants and Plaintiffs have a slightly different motive for litigating the issues; Movants have highly sensitive motives for protecting the Program Participant information from disclosure. It is possible to foresee instances where the interests of the Movants and Plaintiffs could diverge during the course of litigation.

As disposing of this action may impair or impede the movants ability to protect its interests for the reason stated above, the Nexus Plaintiffs, request permission to file a motion to intervene in this action.

Respectfully submitted,


/s/ *Michael J. Burke*
Michael J. Burke Esq.
Eckert Seamans Cherin & Mellott LLC
10 Bank Street
White Plains NY 10606
mburke@eckertseamans.com
914-286-6441
Counsel for proposed interveners,
*Nexus Services, Inc., and Libre By Nexus, Inc*