STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
**ATTORNEY GENERAL**

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

August 3, 2018

<u>**VIA CM/ECF**</u>
The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square, Courtroom 619
New York, NY 10007

   **Re:** *New York, et al. v. U.S. Department of Justice, et al.,* **18-cv-6471 (ER) (SDA)**
     Response to Proposed Intervenor's Request for Pre-Motion Conference (ECF 22)

Dear Judge Ramos:

  Plaintiff States write in response to the request for a pre-motion conference filed by Nexus Services, Inc. and Libre by Nexus, Inc. (collectively "Nexus") regarding their anticipated motion to intervene (ECF 22). Plaintiffs oppose Nexus's motion and the Court should deny it because 1) Nexus's interests have no relationship with this action; 2) litigating this case without Nexus will not impair its interests; and 3) Plaintiff States can adequately represent the privacy interests of their undocumented immigrant residents. Indeed, Nexus's request could delay the adjudication of this matter and state consumer fraud investigations initiated in New York, Washington, and Massachusetts.

 **A.  Background**

  Nexus provides guarantees for immigration bonds that are posted by third-party licensed bail bondsmen and secured by third-party federally-approved insurance companies. Nexus clients pay a bond premium to a bondsman and monthly program service fees to Nexus, which may include GPS monitoring program fees. Nexus cuffs participants to monitor their location around the clock. In return, Nexus charges initial and recurring monthly fees, separate from and in addition to what consumers may be charged by their third-party bond agent, which may far exceed those in a conventional bail bondsman situation. New York, Washington, and Massachusetts have initiated investigations based on reports and other information suggesting that Nexus's business practices may be unfair and deceptive in violation of various state laws.[1]

---

[1] *See, e.g.,* Michael E. Miller, This company is making millions from America's broken immigration system, *The Washington Post* (Mar. 9, 2017) at 1-2, 6, *available at* https://www.washingtonpost.com/local/this-company-is-making-millions-from-americas-broken-immigration-system/2017/03/08/43abce9e-f881-11e6-be05-1a3817ac21a5_story.html?utm_term=.13b304872b14 (last visited Aug. 3, 2018).

On November 14, 2017, the New York State Office of the Attorney General's Consumer Fraud Bureau ("OAG") issued a subpoena to obtain information regarding Nexus's services to New Yorkers. To date Nexus has produced no New York consumer data. Instead, after much delay, it moved in state court for a protective order and sought to modify the subpoena to impose confidentiality restrictions on the OAG.[2] In response, the OAG moved to compel full subpoena compliance. On August 1, 2018, the argument date of the motion and cross-motion, Nexus asserted that the state court relief it had originally sought would be inadequate to protect confidential information that Nexus releases to the OAG. It argued that the State could later be compelled to disclose such information pursuant to 8 U.S.C. § 1373, which Plaintiffs in this case maintain is unconstitutional. Nexus withdrew its petition and agreed to file a revised petition in state court on August 6, 2018 for some other form of relief. Plaintiffs maintain that the state court is best situated to resolve this dispute.

**B. Nexus has failed to meet three of the four requirements necessary for intervention.**

Pursuant to Federal Rule of Civil Procedure 24(a)(2), motions to intervene are only appropriate when (1) the motion is timely, (2) the movant has asserted an interest relating to the subject of the action, (3) the movant is situated such that disposing of the action without it might, as a practical matter, impair or impede its ability to protect the interest, and (4) existing parties cannot adequately represent the movant. *MasterCard Int'l Inc. v. Visa Int'l Service Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). Intervention applications must be denied unless all four requirements are met. *U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). An intervenor as of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests. *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017).[3] Nexus is not entitled to intervene as three of the four requirements under Rule 24(a)(2) have not been satisfied. Further, to the extent that the relief Nexus seeks diverges from the constitutionality of Section 1373, it fails to allege independent standing grounds.

   1. **Nexus has no interest in this litigation.**

In the Second Circuit, a moving party's interest in this context must be "direct, substantial, and legally protectable." *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Id*. Such is the case here as Nexus's requested relief and interests are inapposite to those at issue in this lawsuit. Nexus has no direct interest in this litigation, which concerns the imposition of unlawful immigration-related conditions on Byrne JAG funding to States and their localities. Nexus is not a recipient of Byrne JAG funds. Further, Nexus assumes that if these challenged conditions are upheld, Plaintiff States would abide by them rather than forego the funding.[4] This Hobson's choice has not yet been reached by

---

[2] *In the Matter of the Application of Libre by Nexus, Inc., et al. v. New York*, Index No. 151982/2018 (N.Y. Sup. Ct.) (NYSCEF Docs. 1, 3, 14, 15, 45).
[3] Should Nexus seek a ruling on the scope of the OAG's subpoena, standing requirements must be separately met.
[4] Nexus also assumes that Section 1373 would require New York to turn over all investigation information produced to the OAG regarding Nexus clients and their family members to Immigration Customs Enforcement ("ICE"). Such a position both ignores and overstates the nature of Section 1373 (which prohibits states from restricting disclosure

2

Plaintiffs–avoiding such a decision is the entire purpose of this federal action. Therefore, Nexus's interests, namely the scope of its state issued subpoena, are remote at best. Further, the relief sought by Nexus is wholly different from that sought by Plaintiffs. Plaintiffs seek (1) a declaration that 8 U.S.C. § 1373 is unconstitutional; (2) a permanent injunction preventing the enforcement of immigration-related conditions; and (3) a writ of mandamus compelling the immediate release of the disputed funds without the challenged conditions. In the state court proceeding, Nexus appears willing to disclose documents provided that the confidentiality of client documents is assured. Nexus's efforts are simply directed at delaying the OAG's investigation; permitting intervention would not only violate Rule 24(a)(2) but undermine other future state investigations into allegedly fraudulent activities directed at vulnerable populations.

### 2. Resolution of this action without Nexus will not affect its interests.

To show an impairment of interests for the purposes of Rule 24(a)(2), a proposed intervenor must show that the disposition of an action "may as a practical matter impair or impede the movant's ability to protect its interest." *Pitney Bowes, Inc.*, 25 F.3d at 69-70 (citing Fed. R. Civ. P. 24(a)(2)). As described above, numerous predicate conditions must be met before Nexus's client information and its interests are negatively implicated by subpoena enforcement. New York State Supreme Court also remains the appropriate forum to address the scope of the OAG's subpoena. Nexus has represented to the OAG that it will revise the state protective order relief sought to address its Section 1373 concerns as it relates to Byrne JAG. That court is best suited to determine the appropriate remedy under the circumstances. Doing so furthers judicial economy and avoids piecemeal litigation that would result from intervention as the federal district court is unable to rule on the subpoena's scope– the ultimate interest at issue for Nexus.

### 3. Plaintiffs adequately represent undocumented resident privacy interests.

Although in many cases a proposed intervenor's burden of showing inadequacy of representation is minimal, a more rigorous showing is required in cases where – as here – "the putative intervenor and a named party have the same ultimate objective."[5] *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001). When there is an identity of interest between a putative intervenor and a party, a presumption of adequate representation attaches that the proposed intervenor must rebut by presenting evidence of "collusion, adversity of interest, nonfeasance, or incompetence." *Id.* at 180. Nexus has presented no such evidence here. To the contrary, Plaintiffs have "demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions," such that this Court should conclude that "the interests of the intervenor are adequately represented." *NRDC v. N.Y. Dep't of Envtl. Conservation*, 834 F.2d 60, 62 (2d Cir. 1987). Plaintiffs can adequately represent the privacy interests of their undocumented residents; they filed this federal lawsuit to do so. Nexus is not better situated than Plaintiffs to navigate the instant challenge to the conditions on Byrne JAG funding to further the interests of its immigration bail clients and, therefore, should not be permitted to intervene.

---

of information regarding immigration status to ICE; it does not mandate disclosure) and the nature of the immigration conditions presently attached to Byrne JAG funding.

[5] This argument assumes that Nexus, like Plaintiffs, will argue that Section 1373 is unconstitutional, which is not clear from their papers.

Respectfully submitted,

/s/ Nancy Trasande
Nancy Trasande
Assistant Attorney General, Civil Rights Bureau

*Counsel for Plaintiffs*