

August 7, 2018

<u>Via ECF</u>

Judge Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

>Re: **State of New York, et al. v. U.S. Dep't of Justice, et al., No. 18-cv-6471 (ER)**
>**Reply in Support of Request Pre-Motion Conference for Anticipated Motion To Intervene**

Dear Judge Ramos:

Thank you for allowing Nexus Services, Inc., ("Nexus Services") and Libre By Nexus, Inc., ("Libre") the opportunity to briefly reply in support of their request for a pre-motion conference regarding their anticipated Motion to Intervene. Respectfully, Nexus Services and Libre should be permitted to move to intervene in this matter or in the alternative be heard at a pre-motion conference with the Court. Nothing in the response of the Plaintiff States requires a different conclusion.

Without restating the facts presented in support of their July 31, 2018 request to the Court for a pre-motion conference, Nexus Services and Libre have met the requirements necessary for intervention. Nexus and Libre have shown significant interest in the instant litigation, shown that a resolution of this action may impair Nexus and Libres' ability to protect their interest, and that the Plaintiff States cannot adequately protect the interests at stake. Further, while Plaintiff States appear to concede that the motion to intervene is timely, Nexus Services and Libre emphasize that they will not delay or impede the progress of the matter going forward. They will not seek discovery, nor will they seek a change in the scheduling order in this matter based on their motion to intervene.

### A. Nexus and Libre Have Significant Interest in the Instant Litigation.

The Plaintiff States argue in part, that the only interest that Nexus and Libre would have in this matter is the scope of the state issued subpoenas. However, Nexus and Libre do not assert that the scope of any state issued subpoena is an issue in the instant matter, nor would it be. As indicated by the Plaintiff States' response, legal questions regarding the state issued subpoena in

1

New York are currently pending before the Supreme Court of New York but have nothing to do with the instant matter. Nor do Nexus or Libre seek a delay of any other investigation, they simply seek protection of their information, which is also their Program Participants' information, once issues of confidentiality and other legal issues are resolved and the information turned over to the Plaintiff States. Further, in some instances, Nexus and Libre have already turned over information to a Plaintiff State, subject to a Confidentiality Agreement or protective state law.

Nor does the fact that Plaintiff States suggest that they might forgo the funding of the Byrne JAG funds, rather than turn over the information to DOJ, change the fact that as of now, no state has indicated that it will forgo the grant monies rather than turn over the information. And while the Plaintiff States may view Section 1373 as not mandating disclosure, that is very likely to be an issue in the instant matter and is not a foregone legal conclusion. Therefore, the interests of Nexus and Libre are very much present and real in this action.

### B. Resolution of the Action without Nexus and Libre will Affect Their Interests.

Even when Nexus and Libre revise their pleadings in the New York Supreme Court matter to include a request that any protective order entered address concerns regarding Section 1373, that Court's entry of an order in that matter does not diminish the interests of Nexus and Libre in the instant action. The outcome of the instant action could directly affect or contradict any protective ordered entered in the New York Supreme Court matter regarding Section 1373, and would likely result in additional litigation regarding disparate outcomes and decisions in this and the other actions pending where Nexus and Libre are fighting tooth and nail to protect its Program Participants' information. As such, resolution of this action could affect Nexus and Libres' interests significantly.

### C. Nexus and Libres' Interests Are Not Adequately Represented by Plaintiffs.

Plaintiff States concede that the burden of showing an inadequacy of representation is minimal. However, Plaintiff States assert that they have demonstrated that they will vigorously litigate all colorable contentions and that Plaintiff States will therefore adequately represent the interests of Nexus and Libre. However, the Complaint filed by Plaintiff States against the DOJ in this matter shows that the arguments of Plaintiff States and Nexus and Libre are very different. Nowhere in Plaintiff States' Complaint do Plaintiff States assert that the immigration-related information sought by DOJ is sensitive, private, and otherwise should be protected. Nowhere in Plaintiff States' Complaint do Plaintiff States assert that DOJ will use the immigration-related information to improperly seek out, apprehend and deport persons in this country, including Nexus and Libres' Program Participants and their families and friends. Plaintiff States assert in their Complaint that the DOJ's action "represents an unlawful, ultra vires attempt to force States and localities to forsake their own policy judgements and aid in federal civil immigration enforcement." (Doc. 1, p. 3) Clearly, the parties have very different arguments to present in this action, and therefore, Nexus and Libre's interests will not be adequately represented unless they are allowed to intervene.

      As disposing of this action may impair or impede the movants ability to protect its interests for the reason stated above and in their July 31, 2018 correspondence, Nexus and Libre request permission to file a motion to intervene in this action.

                              Respectfully submitted,

/s/ *Michael J. Burke*
Michael J. Burke Esq.
Eckert Seamans Cherin & Mellott LLC
10 Bank Street
White Plains NY 10606
mburke@eckertseamans.com
914-286-6441
Counsel for proposed interveners,
*Nexus Services, Inc., and Libre By Nexus, Inc.*