

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

October 24, 2018

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

    **RE:**   *New York v. U.S. Dep't of Justice*, 18-cv-6471 (ER) (SDA)
            *New York City v. Sessions*, 18-cv-6474 (ER) (SDA)

Dear Judge Ramos:

    Plaintiffs in the above-captioned matters write to respectfully renew their request for oral argument on the parties' motions for partial summary judgment—which are now fully briefed—if argument would expedite the Court's consideration of the pending motions. The reason for Plaintiffs' renewed request is that Defendants continue to impose a constitutionally suspect condition—the 8 U.S.C. § 1373 certification condition on Byrne JAG funding at issue in this case—on additional federal grants to Plaintiffs while this matter is pending.

    In this case, Plaintiffs' motions for partial summary judgment seek, among other things, to enjoin Defendants from imposing three immigration-related conditions—including the § 1373 certification condition—to the fiscal year (FY) 2017 Byrne JAG awards. On October 1, 2018, several of the State Plaintiffs, including New York, received their award letters for the FY 2018 Juvenile Justice and Delinquency Prevention Act (JJDPA) formula grant program. For the first time in the history of that program, Defendants have told the States that they must accept conditions relating to 8 U.S.C. § 1373, even though every court to consider the question has ruled that § 1373 is unconstitutional and therefore cannot be imposed as a grant condition. *See, e.g., City & Cnty. of San Francisco v. Sessions*, 17-cv-4642-WHO, 2018 WL 4859528 (N.D. Cal. Oct. 5, 2018); *City of Philadelphia v. Sessions*, 309 F. Supp. 3d 289 (E.D. Pa. 2018); *City of Chicago v. Sessions*, 321 F. Supp. 3d 855 (N.D. Ill. 2018). On October 1, the State Plaintiffs also received their award documents for the FY 2018 Byrne JAG awards, which require compliance

with Section 1373 and other immigration-related conditions at issue in this litigation. The deadline for accepting both the JJDPA and Byrne JAG grants is November 15, 2018.[1]

      Plaintiffs thus respectfully ask the Court to schedule oral argument on the parties' motions for partial summary judgment at the Court's earliest convenience, if such argument will be helpful to expedite adjudication of the motions. Plaintiffs have consulted with Defendants, who also requested oral argument in their Notice of Motion, as to their availability for oral argument. All parties are available on the following dates: November 14, 16, 28, and 30. The parties will, of course, endeavor to make themselves available on any other date the Court deems appropriate.

                        Respectfully submitted,

                        /s/ *Lourdes Rosado*
                        Lourdes Rosado

---

[1] The State Plaintiffs and Defendants have entered into stipulations, so ordered by the Court, whereby Defendants have agreed not to reallocate the State Plaintiffs' Byrne JAG awards for FY 2017 (ECF No. 29) and FY 2018 (ECF No. 105) during the pendency of this ligation without providing advance notice to the State Plaintiffs of their intent to terminate the stipulations.