USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 1/4/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STATES OF NEW YORK, CONNECTICUT, NEW JERSEY, RHODE ISLAND, and WASHINGTON, and COMMONWEALTHS OF MASSACHUSETTS and VIRGINIA,

       Plaintiffs,

–against–

UNITED STATES DEPARTMENT OF JUSTICE, and MATTHEW G. WHITAKER, in his official capacity as Acting Attorney General of the United States,

       Defendants.

**ORDER**

18 Civ. 6471 (ER)

---

CITY OF NEW YORK,

       Plaintiff,

–against–

MATTHEW G. WHITAKER, in his official capacity as Acting Attorney General of the United States, and UNITED STATES DEPARTMENT OF JUSTICE,

       Defendants.

18 Civ. 6474 (ER)

---

Ramos, D.J.:

  On November 30, 2018, the Court issued an Opinion and Order granting Plaintiffs' motion for partial summary judgment, denying Defendants' motion for partial summary judgment or in the alternative to dismiss, and granting declaratory, mandamus, and injunctive relief. Doc. 114, at 42–43, No. 18 Civ. 6471; Doc. 81, at 42–43, No. 18 Civ. 6474. Pending before the Court are the parties' requests to modify the mandamus relief ordered by the Court in

Paragraph 5 of the "Conclusion" section of its Opinion and Order. Docs. 117, 119, 121, No. 18 Civ. 6471; Docs. 82, 85, 86, No. 18 Civ. 6474.

Defendants request that the mandamus relief be modified to remove the requirement that Defendants issue the FY 2017 Byrne JAG award documents without the text of the Notice, Access, or Compliance Conditions, and instead require Defendants to issue the awards without *enforcement* of those conditions, which are already enjoined pursuant to Paragraph 6. Plaintiffs do not oppose this request, but request a further modification clarifying that acceptance of the awards will not be construed as acceptance of the enjoined conditions. Defendants likewise do not oppose this additional modification. The Court agrees with the parties' proposed modifications and will order them accordingly. *See California ex rel. Becerra v. Sessions*, No. 17 Civ. 04701 (WHO), 2018 WL 6069940, at *2 (N.D. Cal. Nov. 20, 2018).

Plaintiffs also request that Defendants inform them of the expected timing of the disbursement of the Byrne JAG funds. Defendants respond that, in light of the lapse of appropriations to the Department of Justice on December 21, 2018, Defendants cannot estimate when Plaintiffs' Byrne JAG funds will be disbursed until the appropriations are restored and Plaintiffs return their executed award letters. The Court will direct Defendants to provide such an estimate upon the occurrence of these events.

Accordingly, Paragraph 5 of the "Conclusion" section of the Court's Opinion and Order is hereby modified to read as follows: "Defendants are MANDATED to issue the States' FY 2017 Byrne JAG award documents, and upon acceptance by those jurisdictions, to disburse those awards as they would in the ordinary course but without regard to the Notice, Access, or Compliance Conditions. Acceptance of the FY 2017 awards shall not be construed as acceptance of the enjoined conditions."

Upon restoration of appropriations to the Department of Justice and Plaintiffs' acceptance of the award documents, Defendants are directed to inform Plaintiffs of the expected timing of the disbursement of their FY 2017 Byrne JAG funds. The Court expects that, upon the occurrence of these events, Defendants will disburse the funds without further delay.

The Clerk of the Court is respectfully directed to terminate the motions, Doc. 117 in No. 18 Civ. 6471, and Doc. 82 in No. 18 Civ. 6474.

It is SO ORDERED.

Dated:   January 4, 2019
         New York, New York

                                                        Edgardo Ramos, U.S.D.J.