

U.S. Department of Justice

Civil Division
Federal Programs Branch

January 24, 2019

**BY ECF**
The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

>   Re:   *State of New York, et al. v. U.S. Dep't of Justice*, 18-cv-6471 (ER)
>         *City of New York v. Matthew G. Whitaker, et al.*, 18-cv-6474 (ER)

Dear Judge Ramos:

On behalf of the Federal defendants (the "Government") in the above-referenced cases, I write to respond to the letter submitted by Plaintiffs' counsel on January 18, 2019 (*see* ECF No. 123 in Case 1:18-cv-06471; ECF No. 91 in Case 1:18-cv-06474) and to move for a stay of the cases during the lapse of funding to the United States Department of Justice.

Recognizing the realities of the "lapse of funding to the United States Department of Justice," Chief Judge McMahon entered Standing Order M10-468 on December 27, 2018 (attached hereto as Exhibit A). That order stays all civil cases (other than civil forfeiture cases) in which the United States Attorney's Office for the Southern District of New York has appeared as counsel for the United States or its agencies. *See id.* at ¶ 1. This stay is in effect until the "business day after the President signs into law a budget appropriation that restores Department of Justice funding." *Id.*

The Government asks for the same treatment in these cases. Although the U.S. Attorney's Office for the Southern District of New York is no longer counsel of record in these cases, the same rationale that justified Chief Judge McMahon's stay applies in the cases at bar. The U.S. Attorney's Office is a component of the Department of Justice, and attorneys in that office faced the same difficulties resulting from the same lapse of appropriation as the undersigned attorney from the Department of Justice faces. In this regard, there is not a sufficient reason to treat one component of the Department of Justice differently than another component.

In this context, the Anti-Deficiency Act prohibits Department of Justice attorneys from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The reference to "protection of property" is properly read in conjunction with the "safety of human life" to mean situations involving a direct, immediate threat to life or significant property destruction, most often occurring in criminal law enforcement matters. *See, e.g.* U.S. Dep't of Justice, FY 2019 Contingency Plan, at p. 2, available at: https://www.justice.gov/jmd/page/file/1015676/download ("The law enforcement capacity of the U.S. Government should not be impaired or perceived to be impaired. To do so could constitute an imminent threat to the safety of human life and the protection of property."). *See also id.* at 3 ("Civil

The Honorable Edgardo Ramos
January 24, 2019
Page 2

litigation will be curtailed or postponed to the extent that this can be done without compromising to a significant degree the safety of human life or the protection of property.")

These cases far from satisfy the statutory requirement that there exist real threats to life or property. At their core, these cases are about money. While the Plaintiffs claim in their letter that their "property is already compromised by the financial harms" due to a lack of FY 2018 Byrne JAG funding, the Plaintiffs fail to explain how their property is being damaged. Further, it is noteworthy that Plaintiffs do *not* argue in their letter any concern that FY 2018 Byrne JAG funds will be lacking after Congress restores appropriations. They do not articulate any concern that FY 2018 funds allocated for the Plaintiffs will be disbursed to other parties. Indeed, the Government previously agreed to a stipulation that ensured that FY 2017 Byrne JAG funds would be available after this litigation (*see* ECF No. 29 in Case 1:18-cv-06471; ECF No. 20 in Case 1:18-cv-06474). The Government has agreed to a similar stipulation regarding FY 2018 Byrne JAG funds in the States' case (*see* ECF No. 105 in Case 1:18-cv-06471) and the Government has advised New York City that it can agree to a similar stipulation regarding FY 2018 funding. In summary, there is no real threat to the Plaintiffs' property that comes within the meaning or spirit of the exception listed in the Anti-Deficiency Act.

In summary, the Government moves this Court for a stay of these cases pending the restoration of appropriations to the Department of Justice, on the same terms as set forth in Chief Judge McMahon's Standing Order of December 27, 2018. In the alternative, if this Court intends to set a briefing schedule, the undersigned counsel requests that the Government's first filing (a combination motion to dismiss, opposition to summary judgment, and cross-motion for summary judgment) be set for March 29, 2019 (two weeks later than the date requested by Plaintiffs), due to the birth of the undersigned counsel's first child, expected in early March.

I thank the Court for its consideration of this submission.

                                       Respectfully submitted,

                                       JOSEPH H. HUNT
                                       Assistant Attorney General

                                       CHAD A. READLER
                                       Principal Deputy Assistant Attorney General

                                       BRETT A. SHUMATE
                                       Deputy Assistant Attorney General

                                       JOHN R. TYLER
                                       Assistant Director

                                       /s/ *Daniel D. Mauler*
                                       DANIEL D. MAULER
                                       Trial Attorney
                                       U.S. Department of Justice
                                       Civil Division, Federal Programs Branch
                                       1100 L Street, NW

The Honorable Edgardo Ramos
January 24, 2019
Page 3

        Washington, DC 20005
        (202) 616-0773
        (202) 616-8470 (fax)
        dan.mauler@usdoj.gov
        *Counsel for the Defendants*

cc:     All counsel of record (by ECF)